**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-01291-REB

ANGELA McCLELLAND,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's Complaint [#1], filed July 12, 2005, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of borderline personality

---

[1] Although the parties have indicated that they would consent to the jurisdiction of a United States Magistrate Judge (*see* Joint Case Management Plan for Social Security Cases at 3, ¶ 10 [#8], filed October 18, 2005), they have not completed the appropriate documentation to make that consent effective. The decision whether to reassign a case to a magistrate judge ultimately remains with the district court. **D.C.COLO.LCivR.** 72.2D. Given the parties' failure to formalize their consent, and the fact that I am able to reach the merits of their dispute expeditiously, I decline to exercise my discretion in that regard.

disorder. After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on November 1, 2002. At the time of the hearing, plaintiff was 39 years old. She has a high school equivalency diploma and past relevant work experience as a waitress. She has not engaged in substantial gainful activity since May 1, 2001.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from the severe impairments of borderline personality disorder, bipolar disorder, and polysubstance abuse,[2] the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform unskilled work involving limited interpersonal interactions and that there were jobs existing in significant numbers in the national economy that she could perform. He therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and mental impairments preclude her from performing both her previous work

---

[2] Given plaintiff's lengthy history of alcohol and marijuana abuse, it is not clear why the ALJ did not assess her impairments under the standards of the Contract With America Advancement Act of 1996 ("CWAAA"), Pub. L. 104-121, 110 Stat. 847, §§ 105(a)(1)(C) & 105(b)(1)(I) (codified at 42 U.S.C. §§ 423(d)(2)(C) & 1382c(a)(3)(I)). Under the CWAAA, a claimant is not disabled if alcohol or substance addiction is a contributing factor material to the finding of disability. ***See Drapeau v. Massanari***, 255 F.3d 1211, 1214 (10th Cir. 2001). Nevertheless, because I find that the ALJ did not err in his determination that plaintiff was not entitled to disability benefits in any event, I will not address the issue.

and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual

3

functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  **Id.**

### III.  LEGAL ANALYSIS

Plaintiff presents three grounds of error.  She alleges that the ALJ (1) failed in his duty to adequately develop the record; (2) improperly assessed her mental residual functional capacity; and (3) presented an inadequate hypothetical to the vocational expert.  None of these arguments has merit.

Plaintiff first claims that the ALJ failed to adequately develop the record. Although the ALJ has a duty to fully and fairly develop the record in every case, that obligation is further heightened when the claimant is not represented by counsel at the hearing, as was plaintiff.  ***See Henrie v. United States Department of Health and Human Services***, 13 F.3d 359, 361 (10th Cir. 1993).  The ALJ's duty to fully develop the record is satisfied when the ALJ has "'inform[ed] himself about facts relevant to his decision and . . . learn[ed] the claimant's own version of those facts.'" ***Dixon v. Heckler***, 811 F.2d 506, 510 (10th Cir. 1987) (quoting ***Heckler v. Campbell***, 461 U.S. 458, 471 n.1, 103 S.Ct. 1952, 1959 n.1, 76 L.Ed.2d 66 (1983) (Brennan, J., concurring)).

Plaintiff claims the ALJ failed in this duty by failing to should recontact her treating sources to develop further evidence of her limitations as a result of bipolar disorder.  The ALJ is obliged to recontact treating sources only if the record evidence is inadequate to allow him to make a determination regarding disability.  20 C.F.R. §§ 404.1512(e) & 416.912(e); ***White v. Barnhart***, 287 F.3d 903, 908-09 (10th Cir. 2001). Here, the ALJ had available the opinions of a consultative psychological examiner, Dr. R. Terry Jones (*see* Tr. at 182-186), as well as a mental residual functional capacity assessment prepared by a state agency psychiatrist (***id.*** at 107-109), both of which fully

5

support his conclusion regarding plaintiff's functional limitations.  Moreover, plaintiff's treating sources, who are therapists and counselors, are not "acceptable medical sources" under the Commissioner's regulations, as the ALJ himself noted (*see id*. at 21), and their opinions therefore would not be entitled to any particular weight in any event, *see* 20 C.F.R. §§ 404.1513(a) & 416.913(a); *see also* **Social Security Ruling 96-5p**, 1996 WL 374183 at *4-*5 (SSA July 2, 1996).  Thus, there was no error in failing to recontact these sources.

Nor do any of plaintiff's other allegations suggest that the ALJ failed in his duty to adequately develop the record.  Given the lack of record evidence to suggest that plaintiff's prior closed head injury resulted in any restrictions on her ability to work, coupled with the fact that she continued to work for many years following that injury, it was not error for the ALJ to simply note that this condition caused her "no significant problems."  (Tr. at 23.)[3]  Nor is there any credible evidence that plaintiff suffered from any other physical impairment that might be expected to last for twelve consecutive months.[4]  Finally, the ALJ did not err in failing to contact plaintiff's previous employers to ascertain the circumstances under which she left past jobs, since plaintiff's own accounts (*see id*. at 72, 182, 245-247, 249, 252), adequately support the ALJ's conclusions regarding the reasons for her peripatetic work history (*see id*. at 22).

Plaintiff next contends that the ALJ improperly assessed her mental residual

---

[3] Indeed, it appears that plaintiff filed an application for disability benefits related to this injury, which was denied.  (*See* Tr. at 182.)

[4] Aside from a fractured collarbone, the other alleged physical impairments to which plaintiff alludes are all based on her own reports.  Given that the ALJ found plaintiff not to be a credible witness (Tr. at 22-23), a conclusion which is amply supported by the record, he did not err in failing to further inquire regarding these alleged infirmities.  *See **White v. Barnhart***, 287 F.3d 903, 909-10 (10th Cir. 2001); ***Kepler v. Chater***, 68 F.3d 387, 390-91 (10th Cir. 1995).

functional capacity. Plaintiff's primary argument in this regard is that the record does not support the conclusion that she can sustain employment. Clearly, plaintiff has had trouble keeping jobs during her years of employment. However, there is no evidence that the reason plaintiff left these jobs was related to her mental disability. Rather, plaintiff acknowledged that she left these jobs because she simply was dissatisfied with them and felt they were not in keeping with her expectations (*id*. at 182, 245-246), or because they did not pay well enough (*id*. at 249). When questioned by the ALJ regarding why she continued to work in jobs that required the kind extensive interpersonal contacts she found so stressful, plaintiff testified that other types of jobs for which she was qualified only paid "like $6 an hour or something and – . . . I am much better than that, you know." (*Id*. at 252.)[5] Moreover, and contrary to plaintiff's argument, the ALJ's determination of plaintiff's mental residual functional capacity did account for Dr. Jones's and the state agency psychiatrist's suggested functional limitations by finding that plaintiff required a work setting in which interpersonal contacts were minimized.

Finally, plaintiff argues that the ALJ's hypothetical to the vocational expert was faulty because it failed to include all the impairments set forth by the state agency psychiatrist. The state agency psychiatrist's narrative report demonstrates that the areas in which plaintiff was found to be "moderately limited" all were related to her difficulties in interacting with others. (*See* Tr. at 107-108, 109.) The ALJ's hypothetical specifically accounted for plaintiff's difficulties with interpersonal interactions. (*Id*. at

---

[5] Plaintiff also suggested to the ALJ, in an apparent attempt at levity, that "if you could pay my bills and pay me to go to school to do something different, we'll just foreclose this case." (Tr. at 253.) The ALJ did not err in concluding that plaintiff's desire to better her circumstances did not translate into an inability to work. (*Id.* at 22.)

7

254-256.) Because such a hypothetical need not include every conceivable impairment, but only such limitations as the ALJ finds to be supported by the record, *see Rutledge v. Apfel*, 230 F.3d 1172, 1175 (10th Cir. 2000), there was no error in this regard.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated January 31, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**